UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
DEC 22 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL DOUGLAS HAZER, )<br>CAROL JEAN HAZER and )<br>JOSEPH MAHFOOD, )<br>)<br>Defendants. ) | No.<br><br>**4:16CR00553 HEA/NAB** |

## INDICTMENT

The Grand Jury charges:

### COUNT I
### (Illegal Gambling Business)

1. From at least January 1, 2008, and continuously thereafter up to and including August 28, 2014, within the Eastern District of Missouri and elsewhere, the Defendants,

**SAMUEL DOUGLAS HAZER,**
**CAROL JEAN HAZER,**
and **JOSEPH MAHFOOD,**

acting with others known and unknown to the Grand Jury, did conduct, finance, manage, supervise, direct, and own part of an illegal gambling business, to wit, a gambling business involving sports betting, which gambling business was in violation of the laws of the States of Missouri and Illinois, to wit, Missouri Revised Statutes Sections 572.010 and 572.030 and 720 Illinois Compiled Statutes 5/28-1 and 5/28-1.1, and which gambling business involved at least five persons who conducted, financed, managed, supervised, directed and owned at least part of said illegal gambling business,

1

and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000.00 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT II
### (Interstate Activity in Furtherance of Gambling)

2. From at least January 1, 2008, and continuously thereafter up to and including August 28, 2014, within the Eastern District of Missouri and elsewhere, the Defendants,

**SAMUEL DOUGLAS HAZER,**
**CAROL JEAN HAZER,**
**and JOSEPH MAHFOOD,**

acting with others known and unknown to the Grand Jury, did utilize the facilities of interstate and foreign commerce, including the internet, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, a business enterprise involving gambling in violation of the laws of the States of Missouri and Illinois, to wit, Missouri Revised Statutes Sections 572.010 and 572.030 and 720 Illinois Compiled Statutes 5/28-1 and 5/28-1.1, and did thereafter perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, and carrying on of said activity.

In violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT III
### (Money Laundering)

3. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

4. On or about February 28, 2014, within the Eastern District of Missouri and elsewhere, the Defendants

**SAMUEL DOUGLAS HAZER**
**and CAROL JEAN HAZER**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the deposit of a check in the approximate amount of $25,000.00 into Defendant SAMUEL DOUGLAS HAZER's Regions Bank account, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, to wit, a violation of Title 18, United States Code, Sections 1952 and 1955, and that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B) and 2.

## COUNT IV
### (Unlawful Monetary Transaction)

5. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

6. On or about April 9, 2014, within the Eastern District of Missouri and elsewhere, the Defendant

**SAMUEL DOUGLAS HAZER**

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, to wit, the purchase of a cashier's check in the approximate amount of $40,000.00, payable to Alliance Title & Escrow, a portion of such property exceeding $10,000.00

3

having been derived from a specified unlawful activity, to wit, a violation of Title 18, United States Code, Sections 1952, 1955, 1956, and 1957.

In violation of Title 18, United States Code, Section 1957 and 2.

## COUNT V
### (Money Laundering)

7. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

8. On or about April 9, 2014, within the Eastern District of Missouri and elsewhere, the Defendant

**SAMUEL DOUGLAS HAZER**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the tender of three checks in the total amount of $223,995.00, payable to Alliance Title & Escrow, for deposit into an Alliance Title & Escrow bank account, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, to wit, a violation of Title 18, United States Code, Sections 1952, 1955, 1956, and 1957, and that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B) and 2.

## COUNT VI
(Perjury)

9. On or about March 8, 2016, within the Eastern District of Missouri and elsewhere, the Defendant

**SAMUEL DOUGLAS HAZER**

did knowingly make a false material declaration in a declaration, verification, and statement under penalty of perjury as permitted under Title 18, United States Code, Section 1746, to wit, that the real property located at 213 North Sequoia Boulevard in Florence, Alabama, was lawfully purchased with funds made available to SAMUEL DOUGLAS HAZER by lawful means.

In violation of Title 18, United States Code, Sections 1623(a) and 2.

## COUNT VII
(False Tax Return)

10. On or about April 10, 2011, within the Eastern District of Missouri, the Defendant

**CAROL JEAN HAZER,**

a resident of Farmington, Missouri, did willfully make and subscribe a tax return, which was verified by a written declaration that it was made under the penalties of perjury and which the Defendant did not believe to be true and correct as to every material matter, which return was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, and materially understated the income received by the Defendant in the preceding year, materially misrepresented the nature of the reported income, and materially misrepresented her occupation as being "computer consulting."

In violation of Title 26, United States Code, Section 7206(1) and 2.

## COUNT VIII
### (False Tax Return)

11. On or about March 19, 2012, within the Eastern District of Missouri, the Defendant

**CAROL JEAN HAZER,**

a resident of Farmington, Missouri, did willfully make and subscribe a tax return, which was verified by a written declaration that it was made under the penalties of perjury and which the Defendant did not believe to be true and correct as to every material matter, which return was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, and materially understated the income received by the Defendant in the preceding year, materially misrepresented the nature of the reported income, and materially misrepresented her occupation as being "computer consulting."

In violation of Title 26, United States Code, Section 7206(1) and 2.

## COUNT IX
### (False Tax Return)

12. On or about April 10, 2013, within the Eastern District of Missouri, the Defendant

**CAROL JEAN HAZER,**

a resident of Farmington, Missouri, did willfully make and subscribe a tax return, which was verified by a written declaration that it was made under the penalties of perjury and which the Defendant did not believe to be true and correct as to every material matter, which return was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, and materially understated the income received by the Defendant in the preceding year, materially misrepresented the nature of the reported income, and materially misrepresented her occupation as being "computer consulting."

In violation of Title 26, United States Code, Section 7206(1) and 2.

## COUNT X
### (False Tax Return)

13. On or about March 12, 2014, within the Eastern District of Missouri, the Defendant

**CAROL JEAN HAZER,**

a resident of Farmington, Missouri, did willfully make and subscribe a tax return, which was verified by a written declaration that it was made under the penalties of perjury and which the Defendant did not believe to be true and correct as to every material matter, which return was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, and materially understated the income received by the Defendant in the preceding year, materially misrepresented the nature of the reported income, and materially misrepresented her occupation as being "computer consulting."

In violation of Title 26, United States Code, Section 7206(1) and 2.

## COUNT XI
### (Money Laundering)

14. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

15. On or about January 30, 2013, within the Eastern District of Missouri and elsewhere, the Defendant

**JOSEPH MAHFOOD**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the deposit of a check for $2,500.00 into a First Collinsville Bank account, which involved the proceeds of a specified unlawful activity, that is, a violation of Title 18, United

7

States Code, Sections 1952 and 1955, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B) and 2.

## COUNT XII
### (Unlawful Monetary Transaction)

16. Each of the allegations in Paragraphs 1 through 2 of this Indictment is hereby incorporated by reference as if fully set forth herein.

17. On or about January 18, 2012, within the Eastern District of Missouri and elsewhere, the Defendant

**JOSEPH MAHFOOD**

did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, to wit, the tender of a check in the approximate amount of $20,000.00 to pay down a loan against a 2012 Nissan Pathfinder, such property having been derived from a specified unlawful activity, to wit, a violation of Title 18, United States Code, Sections 1952 and 1955.

In violation of Title 18, United States Code, Section 1957 and 2.

## COUNT XIII
### (False Tax Return)

18. On or about April 17, 2011, within the Eastern District of Missouri, the Defendant

**JOSEPH MAHFOOD,**

a resident of St. Louis, Missouri, did willfully make and subscribe a tax return, which was verified by a written declaration that it was made under the penalties of perjury and which the Defendant did not believe to be true and correct as to every material matter, which return was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, and materially understated the income received by the Defendant in the preceding year and materially misrepresented the nature of the reported income.

In violation of Title 26, United States Code, Section 7206(1) and 2.

## COUNT XIV
### (False Tax Return)

19. On or about May 21, 2012, within the Eastern District of Missouri, the Defendant

**JOSEPH MAHFOOD,**

a resident of St. Louis, Missouri, did willfully make and subscribe a tax return, which was verified by a written declaration that it was made under the penalties of perjury and which the Defendant did not believe to be true and correct as to every material matter, which return was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, and materially understated the income received by the Defendant in the preceding year and materially misrepresented the nature of the reported income.

In violation of Title 26, United States Code, Section 7206(1) and 2.

## COUNT XV
### (False Tax Return)

20. On or about August 31, 2013, within the Eastern District of Missouri, the Defendant

**JOSEPH MAHFOOD,**

a resident of St. Louis, Missouri, did willfully make and subscribe a tax return, which was verified by a written declaration that it was made under the penalties of perjury and which the Defendant did not believe to be true and correct as to every material matter, which return was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, and materially understated the income received by the Defendant in the preceding year and materially misrepresented the nature of the reported income.

In violation of Title 26, United States Code, Section 7206(1) and 2.

## COUNT XVI
### (False Tax Return)

21. On or about March 25, 2014, within the Eastern District of Missouri, the Defendant

**JOSEPH MAHFOOD,**

a resident of St. Louis, Missouri, did willfully make and subscribe a tax return, which was verified by a written declaration that it was made under the penalties of perjury and which the Defendant did not believe to be true and correct as to every material matter, which return was filed with the Director, Internal Revenue Service Center, at Kansas City, Missouri, and materially understated the income received by the Defendant in the preceding year and materially misrepresented the nature of the reported income.

In violation of Title 26, United States Code, Section 7206(1) and 2.

## FORFEITURE ALLEGATION

22. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 1952 and 1955 as set forth in Counts I and II, the defendants shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense. Also subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

23. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Sections 1956 and 1957 as set forth in Counts III, IV, V, XI, and XII, the defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. Also subject to forfeiture is a sum of money equal to the total value of any property, real or personal, involved in such offense, and any property traceable to such property.

24. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. real property known as 213 North Sequoia Blvd, Florence, Alabama 35630, together with all appurtenance, improvements, and attachments thereon, bearing a legal description as "120 x 150 Lot The Cedars SD Lot 34 Florence", Parcel ID #15-07-35-1-005-024-000;

   b. approximately $152,997.24 in funds seized on or about April 1, 2014 from a First Collinsville Bank account ending in 3903 in the name of Joseph R. and Mary E. Mahfood, Revised Living Trust Dated 3/12/12, Joseph Raymond or Mary Ellen Mahfood, Trustees;

   c. approximately $2,000.00 in funds seized on or about April 1, 2014 from a First Collinsville Bank account ending in 3904 in the name of Joseph R. and Mary E. Mahfood, Revised Living Trust Dated 3/12/12, Joseph Raymond or Mary Ellen Mahfood, Trustees;

11

    d. approximately $110,015.22 in funds seized on or about April 1, 2014 from an Eagle Bank and Trust account ending in 8589 in the name of Joseph R. Mahfood and Mary E. Mahfood;

    e. approximately $71,931.36 in funds seized on or about June 3, 2014 from a Wells Fargo Bank account ending in 2777 in the name of Joseph and Mary Mahfood, Revised Trust;

    f. approximately $84,134.75 in funds seized on or about June 3, 2014 from a Wells Fargo Bank account ending in 2798 in the name of Joseph and Mary Mahfood, Revised Trust Managed;

    g. a 2010 Nissan Murano, VIN: JN8AZ1MW3AW120649;

    h. a 2010 Nissan Armada, VIN: 5N1AA0NE5AN612202;

    i. a 2012 Nissan Titan, VIN: 1N6AA0EC6BN313898;

    j. a 2012 Nissan Pathfinder, VIN: 5N1AR1NB3CC610211;

    k. one stock certificate D-17, representing 112,055 shares of Series D Preferred Stock in Appistry, Inc. issued in the name of MMVW and Friends, LLC (the "Stock"); and

    l. any additional stock certificates issued or which shall be issued by Appistry, Inc. in connection with Defendant Joseph Mahfood's investment in said company.

25. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
RICHARD E. FINNERAN, #60768MO
Assistant United States Attorney

13